```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

KENNETH P. HARDEN,              *
                                *
    Plaintiff,                  *
                                *
vs.                             *   CIVIL ACTION NO. 23-00277-B
                                *
MARTIN O'MALLEY,                *
Commissioner of Social          *
Security,                       *
                                *
    Defendant.                  *
```

## ORDER

Plaintiff Kenneth P. Harden ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* The parties consented to have the undersigned Magistrate Judge conduct any and all proceedings in this case. (Doc. 5). Thus, this action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 6). Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

I.  **Procedural History**[1]

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on June 24, 2021. (Doc. 8 at 213-15). He alleged disability beginning May 31, 2020, based on posttraumatic stress disorder ("PTSD"), anxiety, depression, social anxiety, racing intrusive thoughts, degenerative disc disease, sciatica pain, and migraines. (Id. at 213, 216, 240). Plaintiff's application was denied at the initial stage and upon reconsideration. (Id. at 95, 104, 106, 115). Plaintiff requested a hearing before an Administrative Law Judge, and a hearing was held on March 29, 2023. (Id. at 41-66, 134). Plaintiff, who was represented by counsel, attended the hearing in person and provided testimony relating to his claims. (Id. at 43-59). A vocational expert ("VE") also testified at the hearing. (Id. at 59-65). On April 26, 2023, the Administrative Law Judge ("ALJ") issued an unfavorable decision finding that Plaintiff was not disabled through December 31, 2021, his date last insured. (Id. at 14-36). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision thus became the final decision of the Commissioner. (Id. at 5).

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). Oral argument was held on March 22, 2024 (Doc. 12), and the parties agree that

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

this case is now ripe for judicial review and is properly before the Court pursuant to 42 U.S.C. § 405(g).

## II. **Issues on Appeal**

> **Whether the ALJ reversibly erred in her evaluation of medical opinions offered by Plaintiff's treating psychiatrist, and in her assessment of Plaintiff's RFC?**

## III. **Factual Background**

Plaintiff has a twelfth-grade education and was 37 years of age at the time of his hearing before the ALJ. (Doc. 8 at 44). Plaintiff served in the Marine Corps and was deployed to Afghanistan. (Id. at 44, 51, 249). Plaintiff worked as an operator at a steel mill from 2013 to 2016 but was fired after he was accused of falsifying paperwork. (Id. at 45, 49-50, 249). Plaintiff testified that he "pretty much just gave up" on finding work after that. (Id. at 49-50). Plaintiff receives 100 percent service-connected disability benefits from the Veteran's Administration ("VA"). (Id. at 56, 478).

Plaintiff reported that he is unable to work because of difficulty being around other people, fear and anxiety related to his military service, and lower back and lower extremity pain. (Id. at 48-55). Plaintiff has been diagnosed with PTSD, depressive disorder, cannabis use disorder, and attention deficit hyperactivity disorder ("ADHD"). (See, e.g., id. at 402). During the relevant period, Plaintiff's mental health conditions were

3

treated with medication and therapy.  (See, e.g., id. at 380-82, 402-03).

IV. **Standard of Review**

In reviewing claims brought under the Social Security Act, this Court's role is a limited one.  The Court's review is limited to determining (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the correct legal standards were applied.[2]  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence.  Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991).  "Substantial evidence is more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  In determining whether substantial evidence exists, a reviewing court must consider the record as a whole and take into account evidence both favorable and unfavorable to the Commissioner's decision.  Chester v. Bowen,

---

[2] This Court's review of the Commissioner's application of legal principles is plenary.  Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

792 F.2d 129, 131 (11th Cir. 1986) (per curiam); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, at *4 (S.D. Ala. June 14, 1999).

## V.    Statutory and Regulatory Framework

An individual who applies for Social Security disability benefits must prove his disability. See 20 C.F.R. § 404.1512(a)(1). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505(a). The Social Security regulations provide a five-step sequential evaluation process for determining whether a claimant has proven his disability. See 20 C.F.R. § 404.1520.

The first two steps of the evaluation require the claimant to prove that he (1) has not engaged in substantial gainful activity and (2) has a severe impairment or combination of impairments. Carpenter v. Comm'r of Soc. Sec., 614 F. App'x 482, 486 (11th Cir. 2015) (per curiam)[3]; see 20 C.F.R. § 404.1520(a)(4)(i)-(ii). If the claimant does not meet his burden on either of these two

---

[3] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

inquiries, he will be found not disabled. Carpenter, 614 F. App'x at 486; see 20 C.F.R. § 404.1520(a)(4)(i)-(ii), (b), (c). If the claimant meets his burden at each of the first two steps, the evaluation proceeds to step three, where if the claimant proves that his impairment or combination of impairments meets or equals a listed impairment and satisfies the duration requirement, he will automatically be found disabled. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004); see 20 C.F.R. § 404.1520(a)(4)(iii), (d).

If the claimant cannot prevail at the third step, the evaluation proceeds to step four, where the claimant must prove an inability to perform his past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986); see 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f). At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). Phillips, 357 F.3d at 1238. A claimant's RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see 20 C.F.R. § 404.1545(a). The RFC assessment is used to determine whether a claimant can perform past relevant work at step four, and if necessary, to determine whether a claimant can adjust to other work at step five. Phillips, 357 F.3d at 1238; see 20 C.F.R. § 404.1520(e).

If the claimant meets his burden at step four, the burden temporarily shifts to the Commissioner to prove at step five that the claimant is capable of performing other work that exists in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1278-79 (11th Cir. 2020); see 20 C.F.R. § 404.1520(a)(4)(v), (g). If the Commissioner makes this showing, the burden then shifts back to the claimant to prove his inability to perform those jobs in order to be found disabled. Goode, 966 F.3d at 1279.

## VI. The ALJ's Findings

In this case, the ALJ found that Plaintiff did not engage in substantial gainful activity from his alleged onset date of May 31, 2020, through his date last insured of December 31, 2021.[4] (Doc. 8 at 16). The ALJ found that Plaintiff had the severe impairments of major depressive disorder, PTSD, ADHD, cannabis use disorder, and lumbar degenerative disc disease. (Id. at 17). However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.

---

[4] "DIB claimants must show that they were disabled on or before their last-insured date." Mason v. Comm'r of Soc. Sec., 430 F. App'x 830, 831 (11th Cir. 2011) (per curiam). Thus, to establish his eligibility for disability insurance benefits, Plaintiff had to prove that he suffered from a disability between his alleged onset date of May 31, 2020, and his last-insured date of December 31, 2021. See id.

7

§§ 404.1520(d), 404.1525, and 404.1526).  (Id. at 18).

    The ALJ next found that Plaintiff had the RFC to perform a reduced range of light work, with the following limitations: he could lift and/or carry up to twenty pounds occasionally and up to ten pounds frequently; he could stand and/or walk for up to six hours and sit for up to six hours in an eight-hour workday; he could not work exposed to loud noises; he could frequently balance, stoop, and crouch; he could not crawl or kneel; he could occasionally climb ramps and/or stairs; he could not climb ladders, ropes, or scaffolds; he could occasionally operate handheld vibrating equipment; he could not work at unprotected heights or operate heavy moving equipment; he could perform simple routine tasks with reading, mathematics, and language scores no higher than three; he could work only in a relatively isolated job and could not interact with the public or coworkers, but this would not preclude all exposure or contact with the public or coworkers; and he could tolerate occasional changes in the work setting or duties.  (Id. at 21).

    Based on the testimony of the VE and the record before her, the ALJ found that Plaintiff could not perform his past relevant work but could perform other jobs that existed in significant numbers in the national economy, such as laundry worker and pillow stuffer.  (Id. at 33-36).  Thus, the ALJ determined that Plaintiff was not disabled through December 31, 2021, his date last insured.  (Id. at 36).

**VII. Discussion**

> **Plaintiff has not established that the ALJ erred in assessing his RFC or evaluating the medical opinions of his treating psychiatrist.**

Although Plaintiff frames his sole claim on appeal as a challenge to the evidentiary support for the ALJ's RFC determination, the primary argument actually made in Plaintiff's brief is that the RFC determination lacks support because a limitation to "simple" tasks with reasoning, math, and language levels no higher than three is inherently inconsistent. (See Doc. 9 at 2-5). However, at oral argument on March 22, 2024, Plaintiff's counsel informed the Court that Plaintiff was withdrawing this argument because it is not a valid one in this case. (Doc. 12). In light of counsel's representation that the argument is withdrawn, the Court will not further address Plaintiff's assertion that a limitation to "simple" tasks with reading, math, and language scores no higher than three is inherently inconsistent.

As noted, Plaintiff's brief characterizes his sole claim on appeal as a challenge to the evidentiary support for the ALJ's RFC determination. (See Doc. 9 at 2-5). At oral argument, Plaintiff's counsel asserted that the ALJ erred in assessing Plaintiff's mental RFC. (Doc. 12). However, nowhere in his brief does Plaintiff specifically argue or cite evidence showing that he has limitations caused by his mental impairments which exceed those assessed in

9

the RFC and are not accommodated by the restrictions contained in the RFC.  (See Doc. 9, generally).  Accordingly, to the extent Plaintiff is challenging the ALJ's RFC formulation and decision not to include additional limitations in the RFC, such challenges are waived because Plaintiff failed to develop the arguments.  See Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314, 317 n.2 (11th Cir. 2012) (per curiam) ("[T]he failure to make arguments and cite authorities in support of an issue waives it.") (quoting Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012)); Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (noting that the plaintiff listed an issue in his brief but "waived this issue because he did not elaborate on this claim or provide citation to authority about this claim").

    Tangentially, as part of his nebulous challenge to the RFC determination, Plaintiff takes issue with the ALJ's evaluation of medical opinions offered by his treating VA psychiatrist, Gregory Cummings, M.D.  (See Doc. 9 at 5).  In particular, Plaintiff implies that the ALJ improperly used the hearing decision and evidence from his previous unsuccessful disability claim to discredit Dr. Cummings' recent opinions, while also failing to mention his long treatment history with Dr. Cummings.  (See id.).  Plaintiff further argues that the ALJ erred in stating that Dr. Cummings "backdated" his assessment to March 2016.  (See id.).  However, Plaintiff's brief does not directly or specifically assert that the ALJ committed reversible error in her evaluation

10

of Dr. Cummings' opinions, nor does it cite any of the regulations or case law applicable to the evaluation of medical opinions. (See id.). Thus, to the extent Plaintiff's brief can be read to challenge whether the ALJ applied the correct legal standards in evaluating Dr. Cummings' medical opinions or whether substantial evidence supports that evaluation, such challenges are arguably waived for lack of development. See Bookman 490 F. App'x at 317 n.2; Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (per curiam) (noting that because plaintiff did not explicitly challenge the weight given to the medical opinions by the ALJ, plaintiff had "effectively abandoned any challenge to these decisions").

Even if they are not waived, Plaintiff's putative challenges to the ALJ's evaluation of Dr. Cummings' medical opinions fail. The ALJ's decision provided ample support for her conclusion that Dr. Cummings' assessment of Plaintiff's mental limitations was "far too restrictive" and out of line with the totality of the record, including the evidence of Plaintiff's "admitted response to medications, often unremarkable unique mental status exams among diverse providers, overall conservative treatment, admitted independent living, ongoing eagerness to engage in therapeutic lifestyle changes, and extensive outdoor activities." (See Doc. 8 at 19, 32-33).

11

Plaintiff's complaint that the ALJ "does not mention that Dr. Cummings has treated [him] since March of 2016" is meritless. Contrary to Plaintiff's suggestion, the ALJ clearly acknowledged Dr. Cummings' status as Plaintiff's *longtime* treating psychiatrist and even found that his "subject matter specialization, familiarity with the claimant, creation of many records, responsibility or his diagnostic profile, and responsibility for his medication management over many years" bolstered the usefulness of his treatment notes. (Id. at 32-33). However, the ALJ properly concluded that these factors were "insufficient to overcome the deficits in his reasoning" in the Mental Residual Functional Capacity Questionnaire completed by Dr. Cummings. (Id. at 33).

The ALJ also noted correctly that a prior opinion form from Dr. Cummings "similarly indicating all marked and extreme findings" and suggesting that these symptoms existed as early as 2013 was "similarly rejected as unpersuasive" by an Administrative Law Judge in Plaintiff's prior disability claim. (See id. at 19). However, the ALJ did not rely on the rationale from that prior decision[5] and provided a surplus of valid reasons for finding Dr. Cummings' recent opinions unpersuasive. (See id. at 19, 32-33).

---

[5] The Court agrees with Defendant that the ALJ "acknowledged the prior ALJ's rationale in the prior decision but only as further support for her decision that Plaintiff had no new impairments or worsening condition and was therefore not disabled during the relevant period." (See Doc. 10 at 9-10).

12

Finally, the ALJ did not err - much less reversibly - by stating that Dr. Cummings "backdated" his assessment to March 2016 as a way to indicate that Dr. Cummings listed March 2016 as the earliest date that the description of symptoms and limitations in his opinion form applied.  (See id. at 19, 32, 558).  Accordingly, Plaintiff's claim must fail.

**VIII.    Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claims for a period of disability and disability insurance benefits be **AFFIRMED.**

**DONE** this **25th** day of **March, 2024.**

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**